(Hamilton County Common Pleas.)

CATHERINE SCHNEIDER and GEO. SCHNEIDER v. EDNA CORDESMAN, a minor, etc.; for partition.

---

The limitation with reference to proceedings in partition, found in sec. 5756, R. S., refers to the time of the entering of the decree, and not to the time of filing the petition.

---

SPIEGEL, J.

The plaintiff, Catherine Schneider, moves the court for judgment and an order for partition of real estate, devised to her and others by the last will and testament of Magdalena Klein, who died in May, 1900, leaving no debts according to the allegations of the petition, except such as have been paid, and one other debt, secured by mortgage upon the real estate sought to be partitioned, and leaving sufficient personal property to pay the costs of administration. To this the administrator of Magdalena Klein responds with a motion to have the petition for partition struck from the files, because one year has not elapsed since the death of the devisor.

The authorities in our state are united in the proposition that section 5756 of our Revised Statutes must be strictly construed, which section provides that a partition of real estate shall not be ordered by the court within one year from the date of the death of an inhabitant of this state, unless the petition shall set forth, and it be proved that all of the debts and claims against the estate of such decedent have been paid or secured to be paid. But the authorities differ whether this section prohibits the filing of a petition in partition during said year, or whether it prohibits the court from granting an order for partition. In an elaborate opinion, Judge

Hunt, of our superior court, in Smith v. Montag, (32 W. B., 153), holds the former view, and is confirmed in this position by the opinion of the third circuit court, delivered by Judge Seney, in Swihart v. Swihart, 7 C. C., 340. Both these cases are reviewed by the fifth circuit court, Judge Jenner delivering the opinion, in Fryman v. Fryman (9 C. C., 91), which holds as the result of its investigation that the meaning of the statute is clearly that "a partition shall not be ordered by the court within one year from the date of the death of such inhabitant unless the petition sets forth certain facts and proof of the facts be made on the hearing. It is not the time of filing the petition that is limited, but the time when partition may be ordered. The petition may be filed at any time, but the decree can not be entered until the expiration of the year. There can be no complication, no transfer of title, until the decree is entered. The filing of the petition in no way interferes with the rights of the creditors. If we but read the section in the light of the rule of strict construction applicable to this proviso, the intention of the legislature could not have been more clearly expressed if to the amendment had been added the words, 'but the time of filing the petition is not intended to be limited.'"

This is the latest decision in Ohio upon this question, and I am inclined to believe that the most reasonable view to be taken of sec. 5756, especially as our supreme court in Lafferty v. Misner (38 O. S., 50), has determined the only other factor remaining, namely, the right of the administrator by answer and cross-petition in a suit for partition to obtain his order of sale of the realty for the payment of debts instead of a judgment for partition.

In accordance with this view, therefore, the motion of the administrator to dismiss the petition is overruled, but he may take an order, overruling the motion of the plaintiff for judgment and order for partition until the statutory period has elapsed, unless the latter will prove, and the burden is his, that all of the debts and claims against the estate of Magdalena Klein have been paid, or, if any exist, will secure the same to be paid.